UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Christopher Piper,

          Plaintiff,

vs.                        REPORT AND RECOMMENDATION

Jo Anne B. Barnhart,
Commissioner of Social
Security,

          Defendant.        Civ. No. 06-3802 (PAM/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge upon a general assignment, made in accordance with Title 28 U.S.C. § 636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma pauperis, ("IFP"). The Plaintiff appears by Jennifer G. Mrozik, Esq. and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

This action was commenced on September 21, 2006, by the filing of a Complaint with the Clerk of Court for the United States District Court for the District

of Minnesota. In this action, the Plaintiff seeks a judicial review of the determination of the Defendant which denied his application for Disability Insurance Benefits. The Plaintiff did not pay any filing fee for this action but, instead, filed an application seeking leave to proceed IFP. See, <u>Docket No. 2</u>. The Plaintiff's IFP application is now before the Court, and must be addressed before any other action is taken in this matter. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied.

## II. <u>Background</u>

The Plaintiff's IFP Application shows that he is currently unemployed, and that he has no regular source of income, except for some periodic interest payments and dividend payments, in the amounts of $198.00 and $275.00, respectively.[1] However, the IFP Application also shows that the Plaintiff has a total of more than $43,000.00 in various bank accounts, mutual funds, and stocks. He also owns some real estate, as well as an automobile with a purported value of $25,000.00. The Plaintiff has no dependents, and there is no indication that he has any other unusual financial

---

[1] The Plaintiff has not explained how often he receives the interest and dividend payments listed in his IFP application, but we find that omission to be immaterial, as we would not find him to be indigent even in the absence of any interest or dividend payments.

responsibilities. Given these showings, we conclude that the Plaintiff is financially able to pay the requisite filing costs and service fees, which will be incurred in the commencement of this lawsuit. Therefore, we recommend that the Plaintiff's application to proceed in forma pauperis be denied. See, Title 28 U.S.C. §1915(a)(1).

### III.  Discussion

In considering the merits of an in forma pauperis application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal in forma pauperis Statute, and which do not. The countervailing considerations at issue are easy of recitation but far more demanding to resolve. In Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

See also, In re Williamson, 786 F.2d 1336, 1338-39 (8th Cir. 1986) ("The very purpose of section 1915 'is to provide an entre, not a barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the

public to underwrite frivolous lawsuits.'"), quoting <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3rd Cir. 1975), and <u>In re Smith</u>, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a nonfrivolous action in the Federal Court system with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved. The issue, therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiff's ability to satisfy the initiation costs of his Federal action without substantially depleting his financial resources. While we recognize, based upon the Plaintiff's sworn representations, that he is not wealthy, we find that he has the wherewithal to satisfy the modest costs incident to the commencement of his claim without necessitating his forbearance of other expenditures for life's necessities, or for his basic needs. See, <u>Freeman v. Abdullah</u>, 925 F.2d 266, 267 (8th Cir. 1991); <u>In re Smith</u>, supra at 715; <u>Ali v. Cuyler</u>, 547 F. Supp. 129, 130 (E.D. Pa. 1982); <u>Temple v. Ellerthorpe</u>, supra at 850-51, and cases cited therein. Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts as to the

wisdom of prosecuting that action, the expenditures here are not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held and well-intended.

Lastly, we note our awareness of varying procedures which have evolved in the granting, and in the denial, of in forma pauperis applications by Magistrate Judges. In some jurisdictions, the denial of such applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A) Order, with its attendant "clearly erroneous" standard of review. However, since an unintended effect of a denial of the application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Recommendation, subject to de novo review should an appeal be taken. See, e.g., Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990) (concluding that a denial of in forma pauperis status is the functional equivalent of an involuntary dismissal and is outside the jurisdiction of a Magistrate Judge); Tripati v. Rison, 847 F.2d 548 (9th Cir. 1985).

Due to an apparent anomaly in Local Rule 4.2(a), one additional comment is warranted.[2] The Local Rule requires that the Plaintiff's Complaint be filed pending

---

[2]Local Rule 4.2(a) provides in pertinent part:

> Where a plaintiff seeks waiver of filing fees under in forma pauperis provisions, the plaintiff shall present the complaint
> 
> (continued...)

a determination of the propriety of his request for pauper's status. Although the Rule contemplates the striking of the Complaint if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may deny the application. In order to avoid the potential that the Plaintiff's Complaint should be served prior to a ruling by the District Court on the propriety of his application, should an appeal be taken, this Court will issue its Order, which will preserve the status quo, until the District Court should rule on the matter.

Lastly, in the event that the Plaintiff elects not to challenge this Recommendation, he will be afforded an opportunity to pay the normal $350 filing fee and, if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant.

NOW, THEREFORE, It is --

---

[2](...continued)
and the motion for permission to proceed in forma pauperis to the Clerk. The Clerk shall file the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge. If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

RECOMMENDED:

1.      That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendant, until so directed by further Order of the Court.

2.      That the Plaintiff's application for <u>in forma pauperis</u> status [Docket No. 2] be denied.

Dated:  September 25, 2006                         *s/Raymond L. Erickson*
                                                                            Raymond L. Erickson
                                                                            CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 13, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 13, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.